# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JAMES WILLIS BROWN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV418-170 |
| | ) | |
| SUSAN FANDRICH, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, James Willis Brown, Jr., brings this 42 U.S.C. § 1983 action against the officers, district attorneys, public defenders, and judges involved in his state criminal prosecution.[1] Doc. 1. The Court granted plaintiff's request to pursue his case *in forma pauperis* (IFP), doc. 6, and he returned the necessary forms. Docs. 7 & 8. The Court now screens the Complaint pursuant to 28 U.S.C. § 1915A, which requires the immediate dismissal of any *pro se* complaint that fails to state at least one actionable claim against a governmental entity or official.

---

[1]  Brown names Savannah Police Department "Lt/Sgt" Susan Fandrich, District Attorneys Meg Hep, Scott Robichaux, and Lindretta Kramer, Assistant District Attorney Thomas Carbone, Public Defenders June Elizabeth Fogle and Thomas Bateski, and Judge Louisa Abbot. Doc. 1 at 1 & 4.

Brown was arrested on September 5, 2016, after he struck a scooter with his truck in an intersection. Doc. 1 at 6-7. The police report included a diagram of the vehicles in the crash, which forms the evidentiary basis of Sgt Fandrich's various "lies" on the stand and the State's allegedly illegal prosecution. *Id*. at 6-9; *see State v. Brown, Jr.*, CR162218 (Chatham Cty. Super. Ct.) (reflecting charges of vehicular homicide in the first and second degree and felony hit and run). Brown seeks nominal and punitive damages for a litany of "constitutional violations," that Sgt. Fandrich be "strip[ped] of her duties as a law officer[ ]," and for prompt release from custody. *Id*. at 14.

Liberally construed, Brown's Complaint alleges malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 390 (2007) (the tort of malicious prosecution "remedies detention accompanied . . . by *wrongful institution* of legal process."). The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983." *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). But an essential element of a malicious prosecution claim is the termination of the criminal prosecution in the plaintiff's favor. *Id*. at 882. And there is no allegation that the Chatham

County criminal case has been resolved in Brown's favor. *See* doc. 1; *see also Brown, Jr.*, CR162218.

Moreover, Brown has sued a panoply of individuals not subject to § 1983 liability. State judges, for example, are absolutely immune from civil liability for acts taken pursuant to their judicial authority, *see, e.g., Forrester v. White*, 484 U.S. 219, 227-29 (1988), even when the judicial acts are done maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). As are district attorneys, where their alleged malfeasance stemmed entirely from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) ("[A]bsolute immunity extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State. . . .'"); *see Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent). Sgt. Fandrich, too, is entitled to absolute immunity for her witness testimony in the underlying state court proceeding. *Briscoe v. LaHue*, 460 U.S. 325, 333 (1983) (doctrine of

witness immunity protects witness, including law enforcement officers testifying in criminal proceedings, from subsequent civil liability for the testimony they give, perjured or otherwise), *cited in Franklin v. Brunswick Police Dep't*, 2017 WL 4448236 * 4 n. 4 (S.D. Ga. Oct. 5, 2017). And public defenders cannot be sued at all under § 1983, because they are not state actors. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Simply put, even had Brown named a viable defendant, he cannot state a claim for damages until his (hypothetical, future) conviction is overturned.[2] His Complaint should be **DISMISSED**.

Though a *pro se* prisoner normally should be given an opportunity to amend his complaint at least once, *see, e.g., Johnson v. Boyd*, 568 F. App'x 719, 724 (11th Cir. 2014); *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010), "a district court need not allow amendment if the

---

[2] Indeed, Brown complains of defects that necessarily imply his conviction's invalidity. In that case, § 1983 affords him no remedy: "[A] prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotes and cites omitted); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."). And before he can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or another petition for state collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. §§ 2254(b), (c).

amended complaint would still be subject to dismissal." *Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015). Plaintiff's malicious prosecution claim against immune defendants is dead on arrival, and does not appear amendable.[3]

Another order of business remains. Stymied by "jail policy" that access to the law library is not permitted without a "court order," Brown has also sent this Court a letter seeking permission to utilize Chatham County Jail's library resources. Doc. 6. Prisoners and detainees proceeding *pro se* are representing themselves, and therefore have a right to meaningful access to the courts, including some right to legal research material. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Bowens v. Sikes*, 2017 WL 486266 at *4 (S.D. Ga. Jan. 4, 2017); *see also Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998) (deprivation of that right may be actionable where "the prison official's actions which allegedly infringed on an inmate's right of access to the courts [ ]

---

[3] Despite the lack of any apparent basis for viable amendment, plaintiff's opportunity to object to this Report and Recommendation within 14 days of service, see *infra*, affords him an opportunity to resuscitate his case. He may also submit a Second Amended Complaint during that period if he believes it would cure the legal defects discussed above. *See Willis v. Darden*, 2012 WL 170163, at * 2 n.3 (S.D. Ga. Jan. 19, 2012) (citing *Smith v. Stanley*, 2011 WL 1114503, at * 1 (W.D. Mich. Jan. 19, 2011)). To state a claim, however, plaintiff must be able to both plead the requisite elements of his § 1983 claims *and* identify a defendant who is not immune from suit.

5

frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim.").

It is unclear both on what basis Chatham County detainees are being denied access to the law library, and what relief Brown seeks through his letter motion. The Court cannot provide him with an Order to increase his law library privileges beyond what Chatham County Jail deems adequate, even if his Complaint were authorized for service, as that type of relief is outside the scope of his current lawsuit alleging he has been subjected to excessive force. *See* doc. 1. His motion is therefore **DENIED**.

Accordingly, James Willis Brown's Complaint should be **DISMISSED without prejudice** and his request for library access is **DENIED**. Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $50.30 in average monthly deposits over the six month period prior to the date of his Prison Account Statement. Doc. 5. He therefore owes an initial partial filing fee of $10.06. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) shall remit the $10.06 to the Clerk of Court and set aside 20 percent of

all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.[4]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are

---

[4] The Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately, as this payment directive is nondispositive within the meaning of Fed. R. Civ. P. 72(a), so no Rule 72(b) adoption is required. In the event he is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from plaintiff shall be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this   11th   day of January, 2019.

/s/ Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA